23-373-cv
Polanco v. Banks

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-four.

PRESENT:  JON O. NEWMAN,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

ONANEY POLANCO, Individually
and as Parent and Natural Guardian
of A.D.,

*Plaintiff-Appellant*,

v.                                                                                     No. 23-373-cv

DAVID BANKS, in his Official
Capacity as Chancellor of the New
York City Department of Education,
NEW YORK CITY DEPARTMENT

OF EDUCATION,

*Defendants-Appellees.*\*

------------------------------------------------------------------

FOR APPELLANT:                           RORY JUDE BELLANTONI, Brain
                                         Injury Rights Group, Ltd.,
                                         New York, NY

FOR APPELLEES:                           JANET L. ZALEON (Richard
                                         Dearing, Claude S. Platton, *on
                                         the brief*), *for* Hon. Sylvia O.
                                         Hinds-Radix, Corporation
                                         Counsel of the City of New
                                         York, New York, NY

Appeal from a judgment of the United States District Court for the
Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Onaney Polanco, on behalf of her minor son A.D.,
appeals from a judgment of the United States District Court for the Southern
District of New York (Koeltl, *J.*) granting summary judgment in favor of
Defendants-Appellees on Polanco's claims arising under the Individuals with

---

\* The Clerk of Court is directed to amend the caption as set forth above.  Pursuant to
Federal Rule of Appellate Procedure 43(c)(2), Chancellor of the New York City
Department of Education David Banks is automatically substituted for former
Chancellor Meisha Porter.

Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1482. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

This case is before us after three levels of review. First, on May 22, 2021, an Impartial Hearing Officer (IHO) concluded that A.D., who uses a wheelchair, was denied a free appropriate public education (FAPE) because the placement school was allegedly inaccessible to him beyond its first-floor entrances. Then, on July 30, 2021, the State Review Officer (SRO) reversed the decision of the IHO, holding instead that Polanco forfeited the issue of accessibility at the placement school and that the DOE had not otherwise denied A.D. a FAPE. Finally, on February 28, 2023, the District Court granted Defendants-Appellees' motion for summary judgment, upholding the SRO's decision. Polanco now asserts that the District Court's decision was erroneous.

Mindful that courts lack the "specialized knowledge and educational expertise" of state administrators, we conduct a "circumscribed *de novo* review of a district court's grant of summary judgment in the IDEA context," seeking only to "independently verify that the administrative record supports the district

court's determination." *S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 138 (2d Cir. 2013).

Polanco first argues that because the administrative proceedings were not timely conducted, A.D. was denied a FAPE. As relevant here, New York's regulations require an IHO to render a decision "not later than 45 days from the day after" the expiration period of the resolution process, 8 N.Y.C.R.R. § 200.5(j)(5), which is generally 30 days after a complaint has been filed, *see* 20 U.S.C. § 1415(f)(1)(B)(ii).

Here, even though the IHO issued a final decision nearly a year after Polanco filed her due process complaint, A.D. was not denied a FAPE. Under 20 U.S.C. § 1415(f)(3)(E)(ii), parents are entitled to reimbursement for procedural violations only if the violations "impeded the child's right to a free appropriate public education," "significantly impeded the parents' opportunity to participate in the decisionmaking process," or "caused a deprivation of educational benefits." In other words, where the Individualized Education Program (IEP) itself was adequate, "any delay" in resolving a parent's challenge to it "cannot have prejudiced [her child's] education." *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 381–82 (2d Cir. 2003); *see also J.D. v. Pawlet Sch. Dist.*, 224 F.3d 60, 69–70

4

(2d Cir. 2000). Because we agree with the District Court that the IEP was adequate, the delay did not deny A.D. a FAPE.

Polanco also asserts several substantive violations. First, she argues that the classroom intended for A.D. would not have implemented an appropriate functional grouping of students. Generally, the sufficiency of a placement offered by the DOE is determined based on the IEP itself. *See R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 186-88 (2d Cir. 2012). Thus, "[i]n determining the adequacy of an IEP, both parties are limited to discussing the placement and services specified in the written plan and therefore reasonably known to the parties at the time of the placement decision." *Id.* at 187. "Speculation that the school district will not adequately adhere to the IEP is not an appropriate basis for unilateral placement." *Id.* at 195.

Polanco's claim is unavailing because it is speculative. Instead of demonstrating how the proposed class grouping could prospectively have denied A.D. a FAPE, Polanco merely speculated that the placement would have improperly grouped A.D. had he attended the placement school. As discussed, however, speculation "is not an appropriate basis for unilateral placement." *Id.* By contrast, the SRO, in assessing the adequacy of the plan, cited testimony that

5

the school *could* provide an appropriate grouping for A.D.  *See Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 133–34 (2d Cir. 1998).

Polanco next asserts that A.D. was denied a FAPE because he was improperly classified as having "multiple disabilities" instead of a "traumatic brain injury."  Appellant's Br. 16.  We agree with the District Court, however, that a "student's disability classification is generally immaterial in determining whether a FAPE was provided if the IEP otherwise sufficiently met the needs of the disabled student."  *Polanco v. Porter*, No. 21-CV-10176 (JGK), 2023 WL 2242764, at *6 (S.D.N.Y. Feb. 27, 2023).  Indeed, as the SRO held, "the IDEA's strong preference for identifying the student's specific needs and addressing those needs generally outweighs relying on a particular disability diagnosis."  App'x 77.

Polanco also alleges that A.D. was denied a FAPE because the assigned school nurse was not trained in G-tube feeding and the staff at the placement school could not conduct two-person transfers.  As the District Court and SRO explained, however, the IEP provided for training in both of those functions.  Thus, Polanco's assertion that such training would be insufficient is again speculative.  *See R.E.*, 694 F.3d at 195.

Finally, Polanco claims that the placement school did not provide A.D. with a FAPE because the school building was inaccessible beyond its first-floor entrances. Unless the other party consents, a party requesting a due process hearing is typically precluded from raising issues regarding the IEP that she did not include in her due process complaint. 20 U.S.C. § 1415(f)(3)(B); *see R.E.*, 694 F.3d at 187 ("That [due process] complaint must list all of the alleged deficiencies in the IEP."). Polanco failed to raise the placement school's inaccessibility in her due process complaint. Instead, she raised it for the first time during the hearing, depriving the DOE of the opportunity to develop the record to reflect whether the placement school could accommodate A.D. or whether changes to the selected school placement were necessary. *See R.E.*, 694 F.3d at 187 n.4. We therefore agree with the District Court that Polanco forfeited this claim.

We have considered Polanco's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7